IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ARMARD DAVIS,<br><br>  *Defendant.* | CRIMINAL ACTION NO.<br>**5:21-cr-00003-TES-CHW** |

## ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL

Before the Court is Defendant Armard Davis's Unopposed Motion to Continue

Trial [Doc. 399], in which he seeks to continue the trial currently scheduled to begin on

March 14, 2022, to the June 2022 Trial Term.

On January 12, 2021, the Grand Jury returned a one hundred and thirty-six count

indictment against Defendant Armard Davis and ten other co-defendants. [Doc. 1].

Specifically, Defendant was charged with Conspiracy to Possess with Intent to

Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 846, 841(a)(1),

841(b)(1)(A)(ii), and 841(b)(1)(B)(iii); Possession with Intent to Distribute Cocaine Base

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Possession with Intent to

Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Conspiracy to

Participate in an Animal Fighting Venture in violation of 7 U.S.C. §§ 2156(a)(1) and

2156(b) and 18 U.S.C. § 49; and Possession of Animals for Animal Fighting Venture in

violation of 7 U.S.C. § 2156(b) and 18 U.S.C.§§ 2 and 49.

On February 11, 2021, Defendant pled not guilty to these charges at his arraignment. [Doc. 121]. On February 25, 2021, the Court issued a Scheduling Order [Doc. 166], wherein it specially set trial for November 8, 2021. However, the parties amended this Scheduling Order to set a new trial date for March 14, 2022. [Doc. 339]. Defendant now moves to continue the trial set for March. [Doc. 399].

In Defendant's Motion, his counsel argues that a continuance in this case is necessary "because the parties are undergoing plea negotiations in an attempt to resolve [this case and another case related to this matter.]" [*Id.* at ¶¶ 2–3]. Consistent with this request, the Court **GRANTS** Defendant's Unopposed Motion to Continue [Doc. 399] and **CONTINUES** this case and its pretrial conference to its Trial Term beginning **June 13, 2022**. The ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Failure to grant a continuance would result in a violation of Defendant's rights under the Speedy Trial Act, deny defense counsel the reasonable time necessary for effective preparation, and likely result in the miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

**SO ORDERED**, this 14th day of February, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**