## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON and COLUMBUS DIVISIONS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **SUPERSEDING INFORMATION** |
| | : | |
| **v.** | : | **CASE NO. 5:21-CR-003-TES** |
| | : | |
| **ARMARD DAVIS a/k/a "BLACK JACK"** | : | **VIOLATIONS:** |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(B)(viii) |
| | : | 21 U.S.C. § 846 |
| | : | 7 U.S.C. § 2156(a)(1) |
| | : | 7 U.S.C. § 2156(b) |
| | : | 18 U.S.C. § 49 |
| | : | 18 U.S.C. § 371 |
| | : | 21 U.S.C. § 853 |

**THE UNITED STATES ATTORNEY AND THE ASSISTANT ATTORNEY GENERAL
FOR THE ENVIRONMENT AND NATURAL RESOURCES DIVISION CHARGE:**

<u>**COUNT ONE**</u>
**(CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED
SUBSTANCES)**

That from on or about March 18, 2020, through on or about February 12, 2021, in the

Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this

Court,

**ARMARD DAVIS a/k/a "BLACK JACK"**

knowingly and intentionally combined, conspired, and agreed together and with others, both

known and unknown to the United States Attorney and the Assistant Attorney General, to

knowingly and intentionally possess with the intent to distribute more than five (5) grams of

methamphetamine, a Schedule II substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(B)(viii); all in violation of Title 21, United States Code, Section 846.

## COUNT TWO
## (CONSPIRACY TO PARTICIPATE IN AN ANIMAL FIGHTING VENTURE)

1.     At all times relevant to this Superseding Information, an "animal fighting venture" was "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1).

2.     Beginning on a date unknown to the United States, but no later than in and around May 2019, and continuing until at least February 26, 2020, in the Macon and Columbus Divisions of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

### ARMARD DAVIS a/k/a "BLACK JACK"

did knowingly and intentionally conspire, confederate, and agree with persons known and unknown to the United States, to commit the following offenses: (1) sponsoring and exhibiting an animal in an animal fighting venture, contrary to Title 7, United States Code, Section 2156(a)(1) and Title 18, United States Code, Section 49; and (2) possessing, training, transporting, delivering, and receiving any animal for purposes of having the animal participate in an animal fighting venture, contrary to Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

### OVERT ACTS

In furtherance of the conspiracy, and to effect the unlawful objects thereof, the following overt acts, among others, were committed in the Middle District of Georgia and elsewhere by a member of the conspiracy.

1.     On or about August 10, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," sent an electronic communication to ARMARD DAVIS, a/k/a "BLACK JACK," indicating that a dog

fight between LOCKETT and DAVIS would be called off if DAVIS's dog weighed more than the agreed-on fighting weight, and that LOCKETT would then claim a forfeit payment of $2,000.

2.      On or about December 22, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," engaged in a telephone conversation with ARMARD DAVIS, a/k/a "BLACK JACK," and discussed planning a dog fight for mid- to late-February.

3.      On or about December 31, 2019, JARVIS LOCKETT, a/k/a "J-ROCK," sent text messages to some of his co-conspirators, including DERRICK OWENS, a/k/a "DOOMIE," and ARMARD DAVIS, a/k/a "BLACK JACK." These text messages included the terms "32f & 37f 10k & gamble" which indicated that LOCKETT was soliciting OWENS and DAVIS for a 32-pound and 37-pound female dog for $10,000 for a dog fight.

4.      On or about January 6, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," planned in a telephone call a dog fight for that night and discussed medications for dogs. LOCKETT and DAVIS engaged in subsequent conversations on or about January 6, 2020, to coordinate the dog fight.

5.      On or about January 9, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," engaged in a telephone conversation. DAVIS discussed weighing dogs for a fight and LOCKETT talked about a dog he had "hooked," or scheduled for a fight, on February 22.

6.      On or about January 12, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," engaged in a telephone conversation. LOCKETT discussed breeding pairs of dogs and how he would sell dogs after he breeds them.

7.      On or about January 26, 2020, JARVIS LOCKETT, a/k/a "J-ROCK," and ARMARD DAVIS, a/k/a "BLACK JACK," discussed a dog fight from the previous night in a

3



telephone conversation. LOCKETT and DAVIS discussed that they did not want to use another co-conspirator for a "keep," a name for a person used by dog fighters to train and house their fighting dog.

8.     On or about February 22, 2020, ARMAND DAVIS, a/k/a "BLACK JACK," JARVIS LOCKETT, a/k/a "J-ROCK," and others known and unknown to the Grand Jury discussed in a telephone conversation a dog fight set for that evening at 9 p.m. for which LOCKETT would be the referee.

9.     On February 24, 2020, Defendant possessed 9 pit-bull type dogs, a hanging scale, medical supplies consistent with dog fighting, and miscellaneous pedigrees. Many of the dogs had scarring and visible injuries such as broken legs and open bleeding wounds, all consistent with dog fighting.

All in violation of Title 18, United States Code, Section 371 in connection with Title 7, United States Code, Sections 2156(a)(1) and 2156(b) and Title 18, United States Code, Section 49.

## FORFEITURE NOTICE
### (21 U.S.C. § 853 - Criminal Forfeiture)

1.     The allegation contained in Count One of the Superseding Information is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.     Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) all in violation of Title 21, United States Code, Section 846, set forth in Count One of the Superseding Information, the Defendant,

**ARMARD DAVIS a/k/a "BLACK JACK,"**

4

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s).

       3.      If any the property subject to forfeiture, as a result of any act or omission of the defendant(s):

      (a)      cannot be located upon exercise of due diligence;

      (b)      has been transferred, sold to or deposited with, a third person;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

      All pursuant to Title 21, United States Code, Section 853.

PETER D. LEARY
UNITED STATES ATTORNEY

BY: _____

WILLIAM R. KEYES
Assistant United States Attorney

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

BY: _____

BANUMATHI RANGARAJAN
Senior Trial Attorney
Environmental Crimes Section

5