IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON and COLUMBUS DIVISIONS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 5:21-CR-003-TES |
| : | |
| ARMARD DAVIS a/k/a "BLACK JACK" : | |
| : | |
| _____ : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorneys, and Armard Davis a/k/a "Black Jack," hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney, the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice ("Assistant Attorney General"), and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   The Defendant is guilty and will knowingly and voluntarily waive indictment and enter a plea of guilty to Count One and Count Two of the Superseding Information which charges Defendant with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) (Count One); and Conspiracy to Participate in an Animal Fighting Venture in violation of Title 18, United States Code, Section 371, Title 7, United States Code, Sections 2156(a)(1) and 2156(b), and Title 18, United States Code, Section 49 (Count Two).

(B)   That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a maximum sentence of forty years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a maximum



fine of $5,000,000.00, or both, and a term of supervised release of at least four years, and on Count Two to a maximum sentence of five years, a maximum fine of $250,000.00, or both, and a term of supervised release of three years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)  The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)  The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)  Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.



AO

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **<u>Waiver of Appeal Rights and Right of Collateral Attack</u>:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his conviction or sentence in this case. If

4

Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)    Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the pending Indictment and Superseding Information as well as any and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The Defendant understands that this agreement does not require the Defendant to implicate any particular individual or individuals or to "make a case," rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

(I)    Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)    The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in the pending Indictment and Superseding Information; (c) permit the Government to instigate and proceed with



the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(K)    If the sentencing court imposes a term of supervised release or probation, Defendant and the United States agree that it should include the condition that Defendant not own or possess any dogs during the term of supervised release or probation, including through a third party.

(L)    Defendant voluntarily forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Indictment and Superseding Information. Defendant further waives, releases, and withdraws any claim Defendant has made, may have made, or may make in the future to such property, or with regard to any dogs seized during the course of the investigation from, including but not limited to, the following locations: (1) 65 Turner Estates Road, Reynolds, Georgia; (2) 323 Ruby Street, Macon, Georgia; (3) 293 Chapman Road, Shiloh, Georgia; (4) 99 Calloway, Roberta, Georgia; (5) 369 Millard Kennedy, Preston, Georgia; (6) 107 Stanton Circle, Warner Robins, Georgia; (7) 223 Buckrun Road, Tablotton, Georgia; (8) 407 Vienna, Fort Valley, Georgia; (9) 16 Spruce Lane, Roberta, Georgia; and (10) 838 Jeff Hendricks Road, Woodland, Georgia, and in any proceeding or matter of any kind, whether federal, state, or local, criminal, civil, administrative, or regulatory, including



matters relating to the custody, adoption, and other disposition of animals by animal control, veterinarians, animal cruelty prevention organizations, animal shelters, and similar organizations.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia and the Assistant Attorney General agree as follows:

(A)   That they will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney and the Assistant Attorney General at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. In exchange for Defendant's plea of guilty to Count One and Count Two of the Superseding Information, the United States Attorney and the Assistant Attorney General agree to dismiss the Indictment pending against the Defendant in this case and the Indictment pending against this Defendant in Case 5:21-CR-00063-MTT. The Government also agrees to withdraw its notices of sentencing enhancement.

(B)   That they further agree, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed

7

AD *[signature]*

subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should the Defendant fail to cooperate truthfully and completely with the Government, or if the Defendant engages in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(C)   Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in Title 18, United States Code, Section 924(e)(2)(B)(i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D)   If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney and the Assistant Attorney General will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or

not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct, including personal use of a controlled substance.

(E)   The United States Attorney and the Assistant Attorney General also agree to request the Court for a variance at sentencing to treat cocaine base and cocaine equally under the Sentencing Guidelines as cocaine.

(5)

FORFEITURE PROVISION

Defendant, Armard Davis a/k/a "Black Jack", hereby agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property, which is subject to forfeiture pursuant to Title 21, United States Code, Section 853, including, but not limited to the following:   one (1) 1973 Chevrolet Caprice, Vehicle Identification Number (VIN): 1N47R3J171958 (hereinafter referred to as the "subject property").

(A)   Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to Federal Rule of Criminal Procedure 32.2 upon acceptance of Defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time his guilty plea is accepted.

(B)   Defendant agrees that the subject property was used in a manner to facilitate the

commission of the offense(s) of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(viii), all in violation of Title 21, United States Code, Section 846, set forth in Count One of the Superseding Information, and is subject to forfeiture under Title 21, United States Code, Section 853.

(C) Defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer Defendant's interest in any of the subject property to the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(D) Defendant agrees to waive Defendant's right to notice of any forfeiture proceeding involving the subject property, or any other property subject to forfeiture, and agrees not to file a claim or assist others in filing a claim in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(E) Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the subject property. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the subject property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the subject property by the United States, the State of Georgia, or its subdivisions.

(F) Defendant agrees that forfeiture of the subject property as authorized herein shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the Defendant in addition to forfeiture.

AD

(G)     Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(H)     The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in any related or subsequent civil action, which is being resolved along with this plea of guilty. The Defendant agrees that neither he nor members of his family will contest or in any way impede the forfeiture of the properties in the criminal action, or contest their forfeiture in any ancillary proceeding, or civil forfeiture action.

(I)     Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the subject property pursuant to this plea agreement and any related civil action.

(J)     Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

(6)

ABANDONMENT AND WAIVER OF CLAIMS AS TO
CERTAIN PROPERTY AND CONSENT TO ITS DESTRUCTION

In lieu of forfeiture, the Defendant, Armard Davis a/k/a "Black Jack", freely and

voluntarily agrees to abandon and relinquish all of his right, title, and interest in the following property: one (1) .22 caliber rifle with no serial number; one (1) .22 caliber rifle, Serial Number: 245-00015; one (1) Ruger, Model: P95, 9mm pistol, Serial Number: 314-92334; and any and all ammunition (hereinafter referred to as the "subject property").

(A)   The Defendant is the sole owner of the subject property, which is in the lawful custody of the Peach County Sheriff's Office, and warrants that there are no other persons or entities having an interest in the subject property.

(B)   Defendant acknowledges that as a convicted felon, Defendant has no right to possess the subject property, either actually or constructively.

(C)   Defendant hereby waives and abandons all right, title, and interest in the listed subject property. The Defendant acknowledges that the subject property was lawfully seized, and waives, releases, and withdraws any claim that Defendant has made with respect to the subject property, and waives and releases any claim that Defendant might otherwise have made to it in the future.

(D)   Defendant consents to the destruction of the subject property.

(E)   Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the destruction of the listed subject property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, and destruction of the listed subject property, including any such claim for attorney fees and litigation costs.

(F)   Defendant agrees to hold harmless the United States, the State of Georgia and all political subdivisions thereof, its officers, agents, attorneys, servants, and employees, from any

AD *[initials]*

and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure, abandonment, and destruction of the listed subject property.

(7)

Nothing herein limits the sentencing discretion of the Court.

(8)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney or Trial Attorney with the Department of Justice, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(9)

As an aid to this Court, the United States Attorney, the Assistant Attorney General, and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing. The parties understand that this stipulation of facts sets forth facts necessary to support Defendant's pleas of guilty and does not necessarily relate all facts relevant to the charged offenses or other persons who may have been involved in the offenses.

Subject to the above paragraphs, the United States Attorney, the Assistant Attorney General, and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

From on or about May 1, 2019, until February 28, 2020, law enforcement investigated Defendant's criminal organization, involved in both cocaine distribution and organized dog fighting. The organization's criminal activities were based out of Roberta, Georgia, in the Middle District of Georgia, and extended into Florida, Alabama, and the Northern District of Georgia. During the investigation, law enforcement obtained court orders to intercept the phone calls and text messages from cell phones belonging to Defendant and four codefendants.

The intercepts revealed, among other things, that from August 2019 to February 2020, Defendant was regularly communicating with other persons, including his co-defendants, about dog fighting, to include: planning, scheduling, and attending dog fights; the weight of dogs engaged in fights; the amount of money bet on dog fights, as well as sponsoring dogs in fights and selling, breeding, training, and transporting dogs for the purpose of the dogs engaging in dog fights. On February 24, 2020, law enforcement executed a search warrant at Defendant's property located at 407 Vienna Street in Fort Valley, Georgia. Agents seized 9 pit-bull type dogs. Many of the dogs had scarring and visible injuries such as broken legs and open bleeding wounds, all consistent with dog fighting. Agents also seized a hanging scale, medical supplies consistent with dog fighting, and miscellaneous pedigrees.

On January 4, 2021, DEA agents learned that a drug transaction would be taking place between Defendant and a female named Brittany Smith, at the direction of Antoine Riley. On January 5th, 2021, agents surveilled a meeting between Smith and the Defendant in Warner Robins, Georgia, which is in the Middle District of Georgia. Smith purchased twelve ounces of

14

suspected methamphetamine from the Defendant. Agents surveilled Defendant for several hours before a Peach County Sheriff's Office Deputy conducted a traffic stop of the Defendant for a speeding violation.

During the traffic stop a K-9 dog alerted to the presence of narcotics. Upon searching the vehicle, approximately 468 grams of suspected methamphetamine were seized from Defendant, as well as $3,890 in U.S. Currency. The substance seized from the Defendant on January 5, 2021, was tested by a DEA laboratory, and was found to contain methamphetamine in the amount of 168.3 grams with a purity of 91%.

Defendant now admits that he conspired to possess with intent to distribute more than five (5) grams of methamphetamine from March 18, 2020, to February 12, 2021.

Defendant also admits and agrees that from on or about May 1, 2019, through on or about February 26, 2020, in the Middle District of Georgia and elsewhere, he did knowingly and intentionally enter into an agreement with other persons (that is, a conspiracy) to participate in an animal fighting venture by sponsoring and exhibiting animals in animal fighting ventures, and by possessing, training, transporting, delivering, and receiving animals for the purpose of having the animals participate in animal fighting ventures, and that an overt act was committed by one of the conspirators in furtherance of the conspiracy.

(10)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 28th day of April, 2023

15

PETER D. LEARY
UNITED STATES ATTORNEY

BY: _/s/ William R. Keyes_
WILLIAM R. KEYES
ASSISTANT UNITED STATES ATTORNEY


TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION

BY: _/s/ William R. Keyes for:_
BANUMATHI RANGARAJAN
SENIOR TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION

I, Armard Davis a/k/a "Black Jack," have read this agreement and had this agreement read to me by my attorney, Bruce S. Harvey. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*Armard Davis*
ARMARD DAVIS a/k/a "Black Jack"
DEFENDANT

I, Bruce S. Harvey, attorney for Defendant Armard Davis, have explained the Criminal Information and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charges against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

*Bruce Harvey*
BRUCE S. HARVEY
ATTORNEY FOR DEFENDANT