# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ARMARD DAVIS,<br><br>*Movant*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | Case No. 5:21-cr-003-TES-CHW-4<br>Case No. 5:24-cv-486-TES-CHW<br>28 U.S.C. § 2255 |

## ORDER ADOPTING THE UNITED STATES
## MAGISTRATE JUDGE'S RECOMMENDATION

On October 17, 2025, the United States Magistrate Judge filed a Report and Recommendation ("R&R") and ultimately recommended that Movant Armard Davis' Motion to Vacate under 28 U.S.C. § 2255 [Doc. 542] be denied and that a certificate of appealability likewise be denied. [Doc. 560]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the magistrate judge allowed Movant 14 days within which to file any objections to the Recommendation. [Doc. 560, p. 13]. Movant filed his objections on November 3, 2025. [Doc. 561].

In light of Movant's timely Objection, the Court conducts a de novo review of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Here, in his Objection, Movant raises several concerns that he has with the R&R. First, Movant asserts that the "R&R states as a [f]inding of [f]act that Petitioner

stipulated in his Plea Agreement that [Movant] was the 'sole' owner of the two .22 caliber rifle . . . and further supported by testimony from Special Agent Tyler Vanderberg at sentencing . . ." [Doc. 561, p. 1]. Movant argues that this is inconsistent with the facts in the record and that he did not stipulate to being the owner of the firearms. [*Id.*]. Movant goes on to state that trial counsel argued in sentencing that the firearms belonged to Movant's mother and that an officer was aware that the firearms were present at the home but made no arrangements to have them removed. [*Id.*]. Movant also suggests that Agent Vanderberg's testimony that he "cannot recall if the two .22 caliber rifles were unloaded bears weight because [Vanderberg] had no trouble recalling that the firearm (.9 millimeter) found in the shed was loaded." [*Id.* at pp. 1–2]. Movant furthermore argues that Agent Vanderberg testified that he also believed that Movant's mother possessed the firearms. [*Id.* at p. 2].

  This, however, is a misrepresentation of the facts of the record. As correctly identified by the magistrate judge, the record is clear that Movant did, in fact, stipulate that he was "the sole owner of the [firearms] . . . and warrants that there are no other persons or entities having an interest in the [firearms]." [Doc. 458, p. 12]. Furthermore, the record shows that Agent Vanderberg testified that the firearms were possessed by both Movant and his mother, not that they were exclusively possessed by Movant's mother as he suggests. [Doc. 517, p. 42]. The fact that the firearms may have been unloaded makes no difference in this case. There is no law that suggests that § 2D1.1

cannot be applied to an unloaded firearm. As aptly stated by the magistrate judge, "[c]ounsel's decision not to make an argument that is not supported by the law cannot be deemed to be deficient." [Doc. 560, p. 7]. Any insinuation by Movant that his counsel's failure to specifically discuss U.S.S.G. § 2D1.1 comment n.11(A) constitutes ineffective assistance of counsel is simply not true and is unsupported by the record and application of the law as explained in the magistrate judge's R&R.

Additionally, Movant argues that the R&R "[clearly] misconstrues or misunderstands [his] position (ineffective counsel) claim was based on the premise that counsel should have informed the Sentencing Court of the U.S.S. G. § 2D1.1 n.11(A) . . ." [Doc. 561, p. 2]. The language of § 2D1.1 n.11(A) is as follows:

> The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet.

Movant also points to language found in several cases, including *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013) ("While other facts, such as whether the firearm is loaded, or inside a locked container, might be relevant to negate a connection, there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened."). However, Movant is once again missing the point made by the magistrate judge. In this case, it was enough for Movant to have possessed a firearm that he could have used in the course of a drug trade. [Doc. 560, p.

3

7]. § 2D1.1 n.11(A) does not say that the enhancement can't be applied to an unloaded firearm. Even if Movant's Counsel had brought up § 2D1.1 n.11(A) at sentencing, the outcome would have remained the same. The language of the comment is inapposite in this case, as Movant could not demonstrate that it was clearly improbable that the weapon was connected with the offense.

Finally, Movant argues that the R&R incorrectly determined that "counsel was not [ineffective] for failure to inform the Court about the commentary to 3B1.1(c) n.4 . . ." [Doc. 561, p. 2]. U.S.S.G. § 3B1.1 comment n.4 provides that the facts the court should consider in applying a role enhancement include:

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Movant asserts that the adjustment does not apply to a defendant who merely suggests committing the offense and argues that "suggesting" was all he did in this case. U.S.S.G. § 3B1.1 comment n.4; [Doc. 560, p. 8]. However, Movant's counsel argued at length that (1) Movant was not directing a third party but was rather in a relationship with that individual and (2) that Movant was simply involved as a co-conspirator in the overarching conspiracy, not a distributor. [Doc. 517, pp. 52–58]. This argument is very much in line with the spirit of U.S.S.G. § 3B1.1 comment n.4, even if Counsel did not specifically call the comment by name. Thus, Movant's insistence that Counsel should

have informed the Court about the specific language used in the sentencing commentary language is unpersuasive. Counsel made arguments related to the factors described in U.S.S.G. § 3B1.1 comment n.4. Those arguments were simply rejected by the Court at sentencing.

As such, the Court cannot conclude that Movant suffered from ineffective assistance of counsel. Given that counsel's efforts were adequate and appropriate, Movant's sentence may not be vacated, set aside, or corrected pursuant to Section 2255. Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 560] and **MAKES IT THE ORDER OF THE COURT**. Consequently, the Court **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 542). The Court further **DENIES** a certificate of appealability.

**SO ORDERED**, this 6th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**